UNITED STATES DISTRICT COURT
District of Minnesota

CR 20-251 DWF/ECW

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** |
| Plaintiff, | 18 U.S.C. § 242 |
| | 18 U.S.C. § 981(a)(1)(C) |
| v. | 18 U.S.C. § 1951(a) |
| | 21 U.S.C. § 843(a)(3) |
| TY RAYMOND JINDRA, | 21 U.S.C. § 853(p) |
| | 28 U.S.C. § 2461(c) |
| Defendant. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

### INTRODUCTION

1. From at least September 2017 through October 2019, the Defendant, Ty Raymond JINDRA, abused his position as a Minneapolis police officer in order to obtain and attempt to obtain controlled substances including methamphetamine, heroin, oxycodone, and other drugs, for his own use by various means including but not limited to deception, extortion, and conducting unconstitutional searches and seizures.

2. At all times material to this Indictment, JINDRA was a licensed peace officer under the laws of the State of Minnesota and was employed as an officer of the Minneapolis Police Department ("MPD"), a duly constituted police agency providing law enforcement services in Minneapolis, Minnesota. As a police officer, JINDRA was authorized by Minnesota law to make arrests and conduct searches and seizures, including seizures of controlled substances.



1

## THE SCHEME TO OBTAIN CONTROLLED SUBSTANCES THROUGH DECEPTION

3. From at least September 2017 through at least October 2019, JINDRA used his position as a Minneapolis police officer to obtain controlled substances for his personal use through misrepresentation, fraud, deception and subterfuge.

4. As used in this Indictment, a "controlled substance" is a drug that is listed on federal drug schedules and regulated pursuant to the Controlled Substances Act, 21 U.S.C. § 801 et. seq. Each drug is scheduled based on its potential for abuse, the scope of its acceptable medical usage, and other statutory factors. There are five schedules. Drugs with the highest potential for abuse and no or very limited acceptable medical use are placed at Schedules I and II, while drugs with relatively lesser potential for abuse and greater medical usage are placed accordingly at Schedules III, IV, and V.

5. It was part of the scheme that JINDRA would divert controlled substances that he confiscated from lawful searches of persons and vehicles for his own purposes, would not log or place those confiscated controlled substances into evidence with the MPD, and would not inform his partner or other officers on scene that he had confiscated the controlled substances.

6. It was part of the scheme that JINDRA would divert controlled substances that he otherwise legally confiscated in the course of his job as a Minneapolis police officer for his personal use, including controlled substances that were turned in by concerned members of the public, and would not log or place those controlled substances into evidence or otherwise report them to the MPD.

7. It was also part of the scheme that JINDRA would contrive opportunities to interact with or search a person, vehicle or residence in a manner that was partially or fully concealed from his partner on scene so that he could recover controlled substances without his partner's knowledge.

8. It was also part of the scheme that on some occasions, where JINDRA's partner on scene was aware that controlled substances had been recovered, JINDRA would surreptitiously divert a portion of the controlled substances for his own use and then log the remaining portion into evidence with the MPD to create the false impression that all of the recovered controlled substances were properly inventoried as evidence.

9. It was also part of the scheme that to divert controlled substances he lawfully recovered for his own use, JINDRA would place the controlled substances into his gloved hand, fold his latex glove over the drugs in order to surreptitiously encase and conceal them, and then place the controlled substances in his personal duty bag or some other location inside the squad car, separate from items that would be placed into evidence at MPD at the end of his shift.

10. It was also part of the scheme that JINDRA would conduct searches of persons, vehicles and residences beyond the scope warranted under the circumstances in order to attempt to recover controlled substances that JINDRA could then retain for himself.

11. It was also part of the scheme that, at times, JINDRA would turn off his body-worn camera when he found, concealed or diverted controlled substances he lawfully possessed in the course of his duties as a Minneapolis police officer.

## COUNT 1
(Acquiring a Controlled Substance by Deception)

12. The Grand Jury adopts, realleges and incorporates by reference herein paragraphs 2-11 above.

13. On or about September 7, 2017, in the State and District of Minnesota, the defendant,

**TY RAYMOND JINDRA,**

knowingly and intentionally obtained Tramadol, a Schedule IV controlled substance, by misrepresentation, fraud, deception and subterfuge, to wit: by failing to disclose to his partner that pills they recovered through the lawful search of a vehicle were Tramadol, a Schedule IV controlled substance; surreptitiously diverting the pills for his own use; submitting a false report to MPD that failed to mention discovery of the pills; and failing to place the pills into evidence with the MPD, all in violation of Title 21, United States Code, Section 843(a)(3).

## COUNT 2
(Acquiring a Controlled Substance by Deception)

14. The Grand Jury adopts, realleges and incorporates by reference herein paragraphs 2-11 above.

15. On or about January 23, 2019, in the State and District of Minnesota, the defendant,

**TY RAYMOND JINDRA,**

knowingly and intentionally obtained heroin, a Schedule I controlled substance, and methamphetamine, a Schedule II controlled substance, by misrepresentation, fraud,

deception and subterfuge, to wit: by failing to disclose to his partner or emergency medical personnel on scene that he had recovered heroin and methamphetamine from S.H. during a traffic stop involving a suspected overdose; surreptitiously hiding the controlled substances inside his personal duty bag in the squad car; and failing to write a report or place the controlled substances into evidence with the MPD, all in violation of Title 21, United States Code, Section 843(a)(3).

## COUNT 3
(Acquiring a Controlled Substance by Deception)

16. The Grand Jury adopts, realleges and incorporates by reference herein paragraphs 2-11 above.

17. On or about May 6, 2019, in the State and District of Minnesota, the defendant,

**TY RAYMOND JINDRA,**

knowingly and intentionally obtained methamphetamine, a Schedule II controlled substance, by misrepresentation, fraud, deception and subterfuge, to wit: by failing to disclose to his partner that he had recovered suspected methamphetamine during a vehicle search; sending his partner to do another task in order to conceal the methamphetamine; deactivating his body-worn camera while he concealed the methamphetamine; and failing to write a report or place the methamphetamine into evidence with the MPD, all in violation of Title 21, United States Code, Section 843(a)(3).

**COUNT 4**
(Acquiring a Controlled Substance by Deception)

18. The Grand Jury adopts, realleges and incorporates by reference herein paragraphs 2-11 above.

19. On or about June 3, 2019, in the State and District of Minnesota, the defendant,

**TY RAYMOND JINDRA,**

knowingly and intentionally obtained cocaine, a Schedule I controlled substance, and methamphetamine, a Schedule II controlled substance, by misrepresentation, fraud, deception and subterfuge, to wit: by collecting the controlled substances from a concerned citizen under the guise that he would handle them in accordance with police procedures; diverting a portion of the substances for himself before placing a smaller amount into evidence with the MPD; and submitting a false report regarding his handling of the controlled substances, all in violation of Title 21, United States Code, Section 843(a)(3).

**COUNT 5**
(Acquiring a Controlled Substance by Deception)

20. The Grand Jury adopts, realleges and incorporates by reference herein paragraphs 2-11 above.

21. On or about July 24, 2019, in the State and District of Minnesota, the defendant,

**TY RAYMOND JINDRA,**

knowingly and intentionally obtained oxycodone hydrochloride, a Schedule II controlled substance, by misrepresentation, fraud, deception and subterfuge, to wit: by surreptitiously

separating a portion of oxycodone pills recovered during a traffic stop; concealing the separated pills within a plastic glove and stashing them in his personal gear bag; placing the remaining pills in an evidence bag to be logged into evidence; misrepresenting to his partner what he had been doing at the squad car; and submitting a false report claiming to have placed all of the recovered pills into evidence, all in violation of Title 21, United States Code, Section 843(a)(3).

## COUNT 6
(Acquiring a Controlled Substance by Deception)

22. The Grand Jury adopts, realleges and incorporates by reference herein paragraphs 2-11 above.

23. On or about August 23, 2019, in the State and District of Minnesota, the defendant,

**TY RAYMOND JINDRA,**

knowingly and intentionally obtained methamphetamine, a Schedule II controlled substance, by misrepresentation, fraud, deception and subterfuge, to wit: by taking methamphetamine his partner had recovered from a citizen during a traffic stop under the guise that he would handle it in accordance with MPD procedures; misleading his partner as to representations he had made to the citizen about handing over any drugs in her possession; deceiving his partner by stating that he would dispose of the methamphetamine when, in fact, he planned to retain it for his own use; and submitting a false report in which he did not disclose to the MPD that methamphetamine had been recovered during the encounter, all in violation of Title 21, United States Code, Section 843(a)(3).

## COUNT 7
(Extortion Under Color of Official Right)

24. The Grand Jury adopts, realleges and incorporates paragraph 2, above, by reference herein.

25. On or about January 23, 2019, in the State and District of Minnesota, the defendant,

**TY RAYMOND JINDRA,**

did knowingly obtain and attempt to obtain property by extortion, that is, JINDRA obtained controlled substances not otherwise due to him, from an individual, S.H., with S.H.'s consent, such consent having been induced under color of official right, and by doing so attempted to and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as those terms are defined in Title 18, United States Code, Section 1951(b), all in violation of Title 18, United States Code, Section 1951(a).

## COUNT 8
(Extortion Under Color of Official Right)

26. The Grand Jury adopts, realleges and incorporates paragraph 2, above, by reference herein.

27. On or about August 23, 2019, in the State and District of Minnesota, the defendant,

**TY RAYMOND JINDRA,**

did knowingly obtain and attempt to obtain property by extortion, that is, JINDRA obtained a controlled substance, not otherwise due to him, from an individual, S.S., with S.S.'s consent, such consent having been induced under color of official right, and by doing so

attempted to and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as those terms are defined in Title 18, United States Code, Section 1951(b), all in violation of Title 18, United States Code, Section 1951(a).

## COUNT 9
(Deprivation of Rights Under Color of Law)

28. The Grand Jury adopts, realleges and incorporates paragraph 2, above, by reference herein.

29. On or about July 5, 2019, in the State and District of Minnesota, the defendant,

**TY RAYMOND JINDRA,**

while acting under color of law, did willfully deprive R.B. of the right, secured and protected by the Constitution and the laws of the United States, to be free from unreasonable searches and seizures, all in violation of Title 18, United States Code, Section 242.

## COUNT 10
(Deprivation of Rights Under Color of Law)

30. The Grand Jury adopts, realleges and incorporates paragraph 2, above, by reference herein.

31. On or about October 13, 2019, in the State and District of Minnesota, the defendant,

**TY RAYMOND JINDRA,**

while acting under color of law, did willfully deprive A.C. of the right, secured and protected by the Constitution and the laws of the United States, to be free from

unreasonable searches and seizures, all in violation of Title 18, United States Code, Section 242.

## COUNT 11
(Deprivation of Rights Under Color of Law)

32. The Grand Jury adopts, realleges and incorporates paragraph 2, above, by reference herein.

33. On or about October 13, 2019, in the State and District of Minnesota, the defendant,

**TY RAYMOND JINDRA,**

while acting under color of law, did willfully deprive C.G.B. of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable searches and seizures, all in violation of Title 18, United States Code, Section 242.

## FORFEITURE ALLEGATIONS

Upon conviction of any of Counts 1-6, Acquiring a Controlled Substance by Deception, in violation of Title 21, United States Code, Section 843(a)(3), the defendant,

**TY RAYMOND JINDRA,**

shall forfeit to the United States of America, pursuant to 21 United States Code, Sections 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation(s); and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s).

Upon conviction of any of Counts 7-8, Extortion Under Color of Official Right, in violation of Title 18, United States Code, Section 1951, the defendant,

**TY RAYMOND JINDRA,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to those offenses.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____    _____
UNITED STATES ATTORNEY            FOREPERSON