# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Ty Raymond Jindra,<br><br>Defendant. | Case No. 20-cr-251 (DWF/ECW)<br><br><br>**ORDER** |

This case is before the Court on the Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (Dkt. 16); Defendant Ty Raymond Jindra's Motion for Discovery Pursuant to Fed. R. Crim. P. 16 (Dkt. 21); Defendant Ty Raymond Jindra's Motion to Retain Agents' Notes (Dkt. 22); and Defendant Ty Raymond Jindra's Motion for Disclosure of Rule 404(b) Evidence (Dkt. 23).

Counsel for all parties have consented to having these motions decided on the papers without a hearing. (Dkt. 26.)

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (Dkt. 16) is **GRANTED** as unopposed.

2. Defendant Ty Raymond Jindra's Motion for Discovery Pursuant to Fed. R. Crim. P. 16 (Dkt. 21) is **GRANTED IN PART** and **DENIED IN PART**. The

Government represents that it has complied with its obligations under Rule 16 with respect to materials its possession, custody, and control and will continue to do so, including with respect to any statement it receives that was made by Defendant to the Minneapolis Police Department. (Dkt. 25 at 2-3.) The Government shall comply with its discovery obligations under Rule 16. The parties shall disclose initial Rule 16(a)(1)(G) evidence 30 days before trial and rebuttal evidence shall be disclosed 10 days before trial.

3. Defendant Ty Raymond Jindra's Motion to Retain Rough Notes (Dkt. 22) is **GRANTED** to the extent that the Government in its written submission (Dkt. 25 at 3) has represented that it does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes and has already instructed the agents to do so. The Motion is **DENIED AS MOOT** to the extent that Defendant is seeking to have confidential informants retain and preserve all rough notes based on the Government's representation in its written submission that its is not aware of any confidential informants used in the investigation of this case. (*Id.*)

4. Defendant Ty Raymond Jindra's Motion for Disclosure of Rule 404(b) Evidence (Dkt. 23) is **GRANTED IN PART AND DENIED IN PART**. No later than three (3) weeks before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts which are not inextricably intertwined with the charged crime. *See Buchanan v. United States*, 714 F.3d 1046, 1048 (8th Cir. 2013). Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense. In his motion, Defendant also seeks disclosure of "specific instances of conduct" into which the Government may inquire on cross-

examination pursuant to Fed. R. Evid. 608(b).  Rule 16 limits the scope of compelled discovery to material that the government intends to introduce during its case-in-chief. *See* Fed. R. Crim. P. 16.  "By definition, Rule 608(b) evidence may not be used during the government's case-in-chief, and therefore, it is not discoverable under Rules 12 or 16."  *United States v. Maitra*, No. 2:13-CR-86-RL-PRC, 2013 WL 6388661, at *3 (N.D. Ind. Dec. 6, 2013) (citation omitted); *see also United States v. Perez*, No. 00 CR 211, 2002 WL 1461504, at *12 (N.D. Ill. July 3, 2004).  Thus, the Court denies Defendant's requests for production of Rule 608(b) materials.  However, the Court grants Defendant's motion insofar as it seeks 404(b) material that may also be admissible under Rule 608(b).

DATED: January 28, 2021          *s/Elizabeth Cowan Wright*
                                 ELIZABETH COWAN WRIGHT
                                 United States Magistrate Judge

3