UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

NO.: 20-CR-251 (DWF/ECW)

Plaintiff,

**DEFENDANT JINDRA'S PROPOSED
JURY INSTRUCTIONS**

v.

TY RAYMOND JINDRA,

Defendant.

---

Defendant, Ty Raymond Jindra, by and through his attorneys, respectfully proposes the following jury instructions:

1

### 1. Introduction to final charge—province of court and jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions— must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be, from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you should rely upon the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a

violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A Fed. Jury Prac. & Instr. § 12:01

## 2. Credibility of witnesses—generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case. And only you determine the importance or the weight, if any, that their testimony deserves.

After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it. In making your assessment of that witness, you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.

Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified. Consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always

consider whether it pertains to a matter of importance or an insignificant detail, and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

1A Fed. Jury Prac. & Instr. § 15:01

### 3. Credibility of witnesses—informal immunity

You may hear the testimony of witnesses who have been promised that in exchange for testifying truthfully, completely, and fully, they will not be prosecuted for any crimes that she or he may have admitted either here in court or in interviews with the prosecutors. These promises were not a formal order of immunity by the court, but rather were arranged directly between the witnesses and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for such a witness, confronted with the realization that she/he/they can win his own freedom by helping to convict another, has a motive to falsify his testimony. Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

1 Mod. Fed. Jury Instr. ¶ 7.01, § 7-9; see also 1A Fed. Jury Prac. & Instr. § 15:03

### 4. Defendant as a witness

You must judge the testimony of Defendant in the same manner as you judge the testimony of any other witness in this case.

—or alternatively—

The defendant in a criminal case has an absolute right under our Constitution not to testify. The fact that Defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify. As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

1A Fed. Jury Prac. & Instr. §§ 15:12 & :14

### 5. Opinion evidence—expert witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert" witnesses. An expert witness is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an expert witness in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence you may disregard the opinion in part or in its entirety. As I have mentioned, you—the jury—are the sole judges of the facts of this case.

1A Fed. Jury Prac. & Instr. § 14:01; see also C.A.8 Crim. Jury Instr. Man. § 4.10 (2017)

## 6. Consider only the charges

The defendant is not charged with committing any crime other than the offenses contained in the indictment. You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act or any conduct which is not specifically charged in the indictment.

1 Mod. Fed. Jury Instr. ¶ 3.01, § 3-3 & 1A Fed. Jury Prac. & Instr. § 12:09

### 7. Policy Violations

You have heard evidence regarding Minneapolis Police Department    policies.

Allegations Mr. Jindra violated Minneapolis Police Department Policies cannot be considered by you as a violation of the charged conduct in the Indictment.  Mr. Jindra is not on trial for any act or any conduct not specifically charged in the Indictment.

United States v. Parker, 364 F.3d 934, 942-43 (8th Cir. 2004)

### 8. Consider each count separately

The indictment contains eleven (11) counts. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

1 Mod. Fed. Jury Instr. ¶ 3.01, § 3-6 & C.A.8 Crim. Jury Instr. Man. § 3.08

### 9. Presumption of innocence, burden of proof, and reasonable doubt

You must presume the Defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a clean slate—with no evidence against him.

The indictment is not evidence of any kind. The law permits nothing but legal evidence presented in court to be considered in support of any charge against a defendant. The presumption of innocence alone is sufficient to acquit the Defendant.

The prosecution always has the burden to prove guilt beyond a reasonable doubt. In a criminal case, the law never imposes upon a defendant any burden or duty of calling any witnesses, or producing any evidence.

A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. That being said, it is not required that the government prove guilt beyond all possible doubt.

Unless the government proves, beyond a reasonable doubt, that Defendant committed each and every element of the offenses charged in the indictment, you must find Defendant not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—you must adopt the conclusion of innocence.

1A Fed. Jury Prac. & Instr. § 12:10 (modified); See also CA8 Crim. Jury Instr. Man. §
3.11 (2017) & 1 Mod. Fed. Jury Instr. ¶ 4.01, §§ 4-1 & 4-2

**10. Submission of indictment**

A copy of the indictment will be provided in the jury room for your review during your deliberations. You may use this document to read the crimes that the defendant is charged with committing. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged. With that being said, I will now give you some special instructions regarding the crimes charged.

1 Mod. Fed. Jury Instr. ¶ 9.04, § 9-4 (modified)

## 11. ACQUIRING A CONTROLLED SUBSTANCE BY DECEPTION
### (21 U.S.C. § 843(a)(3))
### Counts 1-6

The crime of acquiring a controlled substance by deception, as charged in Counts 1-6 of the Indictment, has two elements. In order to meet its burden of proof for this crime, the government must prove each of the following two elements beyond a reasonable doubt:

One, the defendant acquired and obtained possession of (controlled substance – Count #) for his own use; and

Two, the defendant knowingly and intentionally did so by misrepresentation, fraud, deception, and subterfuge.

## 12. EXTORTION UNDER COLOR OF OFFICIAL RIGHT
## (18 U.S.C. § 1951)
### Counts 7-8

The crime of interference with commerce by means of extortion, as charged in Counts 7-8 of the Indictment, has three elements. In order to meet its burden of proof for this crime, the government must prove each of the following three elements beyond a reasonable doubt:

One, the defendant induced (Count 7 – S.H.)(Count 8 – S.S.) to part with controlled substances;

Two, the defendant voluntarily and intentionally did so by extortion -- that is, under color of official right;

Three, the defendant's action obstructed, delayed, and affected interstate commerce in some way or degree.

Extortion "under color of official right" is the wrongful taking by a public officer of money or property not due him or his office, whether or not the taking was accompanied by force, threats or use of fear. So if a public official voluntarily and intentionally misuses his public office and power for the wrongful purpose of inducing a victim to part with property, such activity constitutes extortion. *However, if a public officer believes the taking was part of his performance of the lawful duties of his office he has not committed extortion.*

CA8 Crim. Jury Instr. Man. § 6.18.1951 (2017); United States v. French, 628 F.2d 1069, 1074 (8th Cir. 1980)

### 13. DEPRIVATION OF CIVIL RIGHTS
### (18 U.S.C. § 242)
### Counts 9-11

The crime of deprivation of civil rights as charged in Counts 9-11 of the indictment has [three][four] essential elements.  In order to meet its burden of proof for this crime, the government must prove each of the following three elements beyond a reasonable doubt:

One, the defendant deprived (Count 9 – R.B.)(Count 10 – A.C)(Count 11 – C.G.B) of a right, privilege, or immunity secured by the Constitution or laws of the United States, that is, to be free from unreasonable searches and seizures by committing [one or more of] the following act(s) [specify act(s) charged in the indictment];

Two, the defendant acted willfully, that is, the defendant committed such act or acts with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive the person of that right; and

Three, the defendant acted under color of law.

The indictment charges that the defendant deprived (Count 9 – R.B.)(Count 10 – A.C)(Count 11 – C.G.B) of the following right, privilege or immunity: to be free from unreasonable searches and seizures. You are instructed that this right is one secured by the Constitution and laws of the United States.

To find that the defendant acted willfully, it is not necessary for you to find that the defendant knew the specific constitutional provision or federal law that his or her conduct violated.  You may find that the defendant acted willfully even if you find that he had no real familiarity with the Constitution or with the particular constitutional right

involved. However, you must find that the defendant had a specific intent to deprive the person of a right protected by the Constitution or federal law.

Acting "under color of law" means to act under any state law, county or city ordinance, or other governmental regulation, or to act according to a custom of some governmental agency. It means that the defendant acted in his official capacity or else claimed to do so, but abused or misused his or her power by going beyond the bounds of lawful authority.

CA8 Crim. Jury Instr. Man. § 6.18.242 (2017)

## 14. Theory of defense

[Defendant will submit a theory of defense instruction at the conclusion of the evidence.]

1A FED. JURY PRAC. & INSTR. § 19.01

### 15. Verdict—Election of Foreperson—Duty to Deliberate—Unanimity Punishment Form of Verdict—Communication With the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I

think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

[A] [F]orm[s] of verdict[s] [has] [have] been prepared for your convenience.

[The form[s] of verdict should be read to the jury]

You will take [this] [these] form[s] to the jury room and, when you have reached unanimous agreement as to your verdict[s], you will have your foreperson write your verdict[s], date and sign the form[s], and then return with your verdict[s] to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

1A Fed. Jury Prac. & Instr. § 20.01 (5th ed.)

Defendant reserves the right to submit additional Instructions deemed appropriate after the evidence has been received.

Respectfully submitted,

**WOLD MORRISON LAW**

Dated: September 29, 2021.

s / Peter B. Wold
Peter B. Wold, ID #118382
Aaron J. Morrison, ID #341241
TriTech Center, Suite 705
331 Second Avenue South
Minneapolis, MN  55401
Telephone:  612.341.2525
Facsimile:   612.341.0116