UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.: 20-CR-251 (DWF/ECW) |
| Plaintiff, | |
| v. | **DEFENDANT JINDRA'S MOTION IN LIMINE TO EXCLUDE NARRATION OF BWC VIDEO** |
| TY RAYMOND JINDRA, | |
| Defendant. | |

Defendant, Ty Raymond Jindra, by and through his attorneys, pursuant to Rules 402, 403, and 701 of the Federal Rules of Evidence, moves this Court for an Order prohibiting the Government from allowing law enforcement officers to narrate Mr. Jindra's body worn camera (BWC) video.

During the relevant times of the indictment Mr. Jindra was employed as a police officer by MPD. As an MPD officer Mr. Jindra wore a BWC. Witness statements and grand jury testimony suggest that during trial the Government will ask MPD officers to narrate and offer opinions as to what Mr. Jindra is doing in his BWC video. The Government should be prohibited from introducing this testimony because it is in essence expert witness testimony that offers an opinion on the ultimate issues in this case.

Lay testimony is admissible under Federal Rule of Evidence 701 if it is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific,

1

technical, or other specialized knowledge within the scope of Rule 702." In the context of law enforcement officers "interpreting" evidence, the Eighth Circuit has been skeptical the testimony falls within Rule 701. See <u>United States v. Peoples</u>, 250 F.3d 630, 641 (8th Cir. 2001). The Court in <u>Peoples</u>, made clear, that Federal Rule of Evidence 602 requires that a witness have personal knowledge of the matters about which she or he testifies. <u>Peoples</u>, 250 F.3d at 641. "Rule 701 adds that testimony in the form of lay opinions must be rationally based on the perception of the witness." <u>Peoples</u>, 250 F.3d at 641. In other words, lay opinion from a law enforcement officer is only admissible when she or he is a direct participant in the activity that the opinion is being offered. <u>Peoples</u>, 250 F.3d at 641.

In the context of law enforcement officers, the Eighth Circuit's holding in <u>Peoples</u> makes sense. The reality is juries are inclined to accord special respect to law enforcement testimony. Law enforcement testimony may, intentional or not, lead the jury to believe that the testifying officer is in possession of additional information that proves the defendant is guilty, but is being kept from the direct hearing of the jury. Because this danger exists, it is highly prejudicial to allow a law enforcement officer who worked with Mr. Jindra and later viewed a video of events only observed by Mr. Jindra to offer his opinion as to what the video shows.

WHEREFORE, Mr. Jindra respectfully requests the Court to prohibit the Government from allowing law enforcement officers to narrate or offer opinions about Mr. Jindra's BWC video.

Respectfully submitted,

**WOLD MORRISON LAW**

Dated: September 29, 2021.

s / Peter B. Wold
Peter B. Wold, ID #118382
Aaron J. Morrison, ID #341241
TriTech Center, Suite 705
331 Second Avenue South
Minneapolis, MN  55401
Telephone:  612.341.2525
Facsimile:   612.341.0116