UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.: 20-CR-251 (DWF/ECW) |
| Plaintiff, | |
| v. | **POSITION OF TY JINDRA WITH RESPECT TO SENTENCING** |
| TY RAYMOND JINDRA, | |
| Defendant. | |

Defendant, Ty Jindra, by and through his attorneys, submits this position pleading in support of a fair sentence. Mr. Jindra adopts the Presentence Report (PSR). He submits that the 3553(a) factors support a variance below the guideline sentence.

Police officers must be held to a high standard. Police officers are the first contact between the public and the justice system. Our justice system requires an implicit trust between the police and the public. Without honest policing there can be no respect for the law. The jury found that Mr. Jindra betrayed that trust. In this case the intersection of the interest of the public and the individual in relation to sentencing is squarely before the Court.

Ty Jindra dedicated his life to public service. He served honorably in the Iraqi war. He was an up and coming police officer with Minneapolis. But, behind the outward appearance of service and honor was a dark current. And unfortunately that darkness was fed in Iraq and on the streets of Minneapolis. The trauma Mr. Jindra suffered performing his public service consumed the twenty year old man. The donning of a uniform,

1

whether it be military or police, did not protect him from the trauma he experienced. Instead, Ty Jindra was crushed by the trauma. There are a lot of things he could or should have done to deal with the trauma. But, he did not do all of the things he should have done, instead he turned to drugs. First prescription then street. Now he stands before the Court in the process of his acceptance and his recovery. Ty Jindra's words to this Court:

> I should have handled my mental health issues honestly and in a healthy way, but instead I began drinking almost every day to blackout and taking whatever prescription pills I could find to numb the pain. When I ran out of my own prescribed Xanax, I began to search for more drugs in the worst way possible- at work as a police officer. I am ashamed and feel extreme guilt for abusing my position to take pills from those I encountered on the street, and I admit to committing the crimes I have been convicted of.
>
> My biggest regret is withholding the full truth from both my attorneys and my close family. Violating the public's trust with my actions and the dishonor I had brought to the badge I wore proudly for years selfishly made me bury the truth for fear of the public shame and humiliation. I knew I had committed several of the crimes I was charged with, but I chose to go to trial as many of the charges simply weren't true. The jury in my case made the correct decisions, and I respect them for that.

Reading Mr. Jindra's letter we can shake our heads in disbelief and comment on how he should have taken responsibility earlier. Plead guilty before trial. Accepted responsibility from the start. It is an easy position to take for those of us who have never known the darkness that exists inside those who use. Ty Jindra violated the public trust, but he is also an individual who has suffered trauma and addiction. The sentencing guidelines calculate an advisory range of 33-41 months. A just sentence falls well below.

In accordance with 18 U.S.C. § 3553 (B), U.S.S.G. § 5K2.0, Gall v. United States, 552 U.S. 38 (2007), and the factors set forth in 18 U.S.C. § 3553(a), Counsel for Mr.

2

Jindra submits a downward sentence variance is warranted.  Mr. Jindra has learned from AA that, "The essence of all growth is a willingness to make a change for the better and then an unremitting willingness to shoulder whatever responsibility this entails."  Again, Mr. Jindra's words,

> I take responsibility for my actions for which I have been convicted for. Though I have made very serious mistakes, I still believe that I am a good person with a lot left to contribute to society, and still feel like the man who strives to help, serve, & protect others the way I have my whole life, from my Army days to my short law enforcement career.  For years I have struggled, and I have failed at times, but I have not and will not give up on my path to mental wellness for me and my family.

Mr. Jindra will never escape the betrayal to the public.  A Google search will forever reveal his crimes.  He will never be in law enforcement.  A profession he and his family have dedicated their lives.  But, Mr. Jindra keeps fighting for himself and his family.  Part of the fight involves his admission of guilt.  About two months ago Mr. Jindra admitted his crimes to his Counsel.  It was part of his process of acceptance.  Since then Mr. Jindra has been steady in his desire to extend that admission to the Court and the public.  He has accepted responsibility for his actions.

The PSR is replete with § 3553 factors.  The medical conditions of his wife and child.  (PSR at ¶ 74).  His own well documents mental health issues.  (PSR at ¶¶ 83-93). His substance abuse issues.  (PSR at ¶¶ 94-96).  His very honorable service in the Army and the war in Iraq, which resulted in receiving the Army Achievement Medal, National Defense Service Medal, Global War on Terrorism Expeditionary Medal, Global War on Terrorism Service Medal, Army Service Ribbon, Overseas Service Ribbon, and Armed Forces Reserve Medal.  (PSR at ¶¶ 101 and 102).  His Army Achievement Medal was

3

awarded due to his "ability to clear the route of any emplaced IEDs and deterring any possible attacks on US Forces." (PSR at ¶101). His service to the United States was on the frontline and he knew firsthand the devastating effect of IEDs. (PSR at ¶ 83).

He served the United States for six years and when he returned home he believed he still owed more. He joined the MPD and just barely into his career found himself part of the tragedy of Justine Damond's shooting. He experienced the trauma of her death and the existential crisis of the MPD's reaction to the shooting. It was, as his wife told Ms. Heino, "the straw that broke the camel's back... he couldn't take it anymore." (PSR at ¶ 79). It is fortunate that Mr. Jindra's spiral did not end with the loss of his life. He nevertheless lost everything that defines who we are as individuals. He threw away his profession, pride, respect. He succumbed to the terror, bewilderment, frustration, and despair that is addiction. But there is redemption to be had. Mr. Jindra's words,

> In a way, being charged with these crimes was the best thing that could have happened to me, as losing my whole identity, being completely exposed and humiliated allowed me to be broken down and build myself back up.

And he has built himself back up. Sobriety. Acceptance of responsibility. Self-improvement. He has a plan for his future. To support his family. To work as a contractor. To volunteer and share his story with vets and first responders-to steer those on his previous path in a different direction.

Mr. Jindra, his family, and the public will be in a better place in the future because of who Ty Jindra has become.

                                                Respectfully submitted,

                                                **WOLD MORRISON LAW**

Dated: April 27, 2022.                                 s/ Aaron J. Morrison
                                                Peter B. Wold, ID #118382
                                                Aaron J. Morrison, ID #341241
                                                331 Second Ave S, Suite 705
                                                Minneapolis, MN 55401
                                                Phone:  (612) 341-2525
                                                Facsimile:  (612) 341-0115